```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

WILLIAM LEE PARRISH, IV,        )
                                )
             Plaintiff          )
                                )
       v.                       )   Case No. 2:04 cv 419
                                )
CITY OF GARY, INDIANA, CITY OF  )
GARY POLICE CORPORAL SALAZAR,   )
                                )
             Defendants         )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by the defendants, the City of Gary and City of Gary Police Corporal Salazar, on March 17, 2005.  For the reasons set forth below, the motion is **GRANTED**.

Background

On October 12, 2004, the plaintiff, William Lee Parrish IV, filed a complaint seeking relief for events which allegedly occurred in 2001.  He claims that on November 27, 2001, Officer Salazar unlawfully seized a vehicle owned by his parents. Because Parrish apparently objected to the towing, Salazar arrested him for disorderly conduct and placed him in a holding tank at the Gary City Jail.  Parrish alleges that while he was being held, three or four City of Gary police officers, including Salazar, assaulted and beat him.

The complaint filed by Parrish asserts a number of constitutional violations, including (1) that Salazar violated Parrish's First Amendment free speech rights by arresting him while he was expressing his disapproval of Salazar's actions, (2) that the

defendants falsely arrested him in violation of the Fourth Amendment, (3) that the defendants violated his property rights by unlawfully seizing his parents' vehicle, (4) that he was denied a fair and speedy trial under the Sixth Amendment and was wrongly convicted because the city court relied on falsified police reports, (5) that he was subjected to cruel and unusual punishment at the jail in contravention of the Eight Amendment, and (6) that his 14th Amendment rights were violated as a result of these acts and proceedings.

## Discussion

### I.  Validity of the Motion to Dismiss

When Parrish filed his original complaint, he failed to claim any damages. Consequently, on March 1, 2005, Parrish sought to amend his complaint and to have the amended complaint relate back under Federal Rule of Civil Procedure 15(c) in order to assert a claim for relief in the amount of $7 million. Before the court granted the motion to amend on July 1, 2005, the defendants moved to dismiss the complaint and the plaintiff responded. Then, on July 12, 2005, Parrish filed an amended "Claim for Relief" containing only his request for $7 million. Because the claim for relief merely specifies damages and does not restate or alter the allegations of the first complaint in any way, the court treats the claim as an amendment by inter-lineation with respect to relief requested. The court further determines that the motion to dismiss filed by the defendants on the substance of the compliant is still ripe for review.

2

## II. Motion to Dismiss

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

> the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted)
>
> ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

*See also* ***Alvarado v. Litscher***, 267 F.3d 648, 651 (7th Cir. 2001). This court must "accept the well-pleaded allegations of the complaint as true," ***Albright v. Oliver***, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994). *See also* ***H.J., Inc. v. Northwestern Bell Telephone Company***, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); ***Hishon v. King & Spaulding***, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); ***Scheuer v. Rhodes***, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); ***Harrell v. Cook***, 169 F.3d 428, 431 (7th Cir. 1999); ***Canedy v. Boardman***, 16 F.3d 183, 188 (7th Cir. 1994), and "draw all reasonable inferences in the light most favorable to the complaint. ***Crenshaw v. Baynerel***, 180 F.3d 866, 868 (7th Cir. 1999).

In order to escape dismissal

> a plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.
>
> ***Marmon Group, Inc. v. Rexnord, Inc.***, 822 F.2d 31, 34 (7th Cir. 1987) *quoting* ***Doe v. St.***

3

>       *Joseph's Hospital*, 788 F.2d 411, 414 (7th
>       Cir. 1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987).

The defendants' first argument in support of dismissal is that the plaintiff filed this suit after the statute of limitations expired. A complaint filed by a pro se plaintiff alleging municipal liability under 42 U.S.C. ß1983 must be liberally construed. *See* *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Musgrove v. Detella*, 74 Fed. Appx. 641, 645 (7th Cir. 2003). However, "this doctrine concerns the substantive sufficiency of allegations and not preliminary steps such as identifying the serving defendants." *Myles v. United States*, ___ F.3d ___, 2005 WL 1683968, at *1 (7th Cir. July 20, 2005). Thus, if a pro se plaintiff fails to file suit within the appropriate statute of limitations, dismissal is appropriate. *See* *Myles*, ___ F.3d at ____, 2005 WL 1683968, at *1-2; *Wetzel v. Sheahan*, No. 97-2868, 2000 WL 222557, at *2-3 (7th Cir. Feb. 22, 2000) (dismissing a pro se complaint because it was not timely filed).

The statute of limitations for Section 1983 cases is "generally the applicable state law period for personal injury torts." *City of Rancho Palos Verdes, California v. Abrams*, ___ U.S. ___, 125 S.Ct. 1453, 1460 n.5, 161 L.Ed.2d 316 (2005); *Behavioral*

4

*Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) ("Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred.").  Because Indiana's statute of limitations for personal injury is two years, the statute of limitations on this Section 1983 action is also two years.  *See* I.C. ß34-11-2-4 (2004); *Hobart*, 406 F.3d at 929.  As Parrish waited to file this suit until nearly three years after his alleged wrongful arrest and battery, his claims are time-barred.

Nevertheless, Parrish argues that the statute of limitations has not expired because he was under a legal disability, although he does not describe the nature of his disability.  Indiana law provides that "[a] person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed."  *See* Ind. Code ß34-11-6-1.  In the statutory framework of the Indiana Code, "'under legal disabilities' includes persons less than eighteen (18) years of age, mentally incompetent, or out of the United States."  *See* I.C. ß1-1-4-5(24).  Parrish clearly was not out of the United States at the time of the underlying events in this suit.  Although he does not state his age, he had to be over age 18 at the time he was arrested because he states that his disorderly conduct charge was processed through the Gary city court, rather than the juvenile system.  And finally, he has produced no evidence that he is mentally incompetent, has filed this suit on

5

behalf of himself, has prosecuted his case competently, and in any event, was competent enough to be convicted in the city court of disorderly conduct.  For these reasons, Parrish's argument fails.

Because this case must be dismissed under the statute of limitations, the court need not address the substance of Parrish's complaint.  Nevertheless, the court notes that to the extent that Parrish is challenging his conviction, he must proceed through the state court system rather than filing suit in a federal forum.  See **Exxon Mobile Corporation v. Saudi Basic Industries Corporation**, ___ U.S. ___, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005) (holding that the **Rooker-Feldman** doctrine prevents a federal court from retaining jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

_____

For the reasons set forth above, the Motion to Dismiss filed by the defendants, the City of Gary and City of Gary Police Corporal Salazar, on March 17, 2005 is **GRANTED.**

ENTERED this 16th day of August, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge

6